FOR PUBLICATION

DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
APPELLATE DIVISION

GINNETTE LAWANCE )
)
) D.C. Civ. App. No. 2007-64
)
    Appellant, )
)
v. )
)
DENNIS A. MORRIS a/k/a )
George Morris )
)
    Appellees. )
)

On Appeal from the Superior Court of the Virgin Islands,
The Honorable Audrey L. Thomas, presiding

Considered: October 15, 2010
Filed: August 2, 2012

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **RAYMOND FINCH**, Judge of the District Court of the Virgin Islands; and **DARRYL DEAN DONOHUE, Sr.**, Presiding Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.

**APPEARANCES:**

**Ginette Lawance**
St. Thomas, U.S.V.I.
    *Pro Se*

**Dennis A. Morris a/k/a George Morris**
St. Thomas, U.S.V.I.
    *Pro Se*

# MEMORANDUM OPINION

**GÓMEZ, C.J.**

Following a hearing on November 15, 2005, the Superior Court of the Virgin Islands, Division of St. Thomas and St. John (the "Superior Court") entered judgment finding Dennis Morris ("Morris") liable to Ginette Lawance ("Lawance") for $745.00 in unpaid money borrowed for rent and for court costs.[1] Lawance timely filed a notice of appeal from the November 15, 2005, hearing.

## I. JURISDICTION AND STANDARD OF REVIEW

### A. Jurisdiction

This Court has jurisdiction over appeals of final judgments and orders of the Superior Court filed before January 29, 2007, the date on which the Supreme Court of the Virgin Islands was certified as ready to assume such jurisdiction. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a;[2] Act No. 6687 § 4

---

[1] The court held that Morris was liable for $500.00 in unpaid rent and $245.00 in court costs.

[2] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2000), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

(October 29, 2004); *see also Joseph v. People of the V.I.*, Criminal No. 05-13, 2008 WL 5663569 (D.C. App. Div. 2007) (explaining that this Court retained its appellate jurisdiction through the date of the certification of the Supreme Court of the Virgin Islands).

## B. Standard of Review

Rule 22(a) of the Virgin Islands Rules of Appellate Procedure ("Rule 22(a)") mandates:

> (A) The brief of the appellant shall contain . . .
> (3) A statement of the issues presented for review. *This shall include a designation by reference to specific pages of the appendix or place in the proceedings at which each issue on appeal was raised, objected to, and ruled upon; and a statement of the standard or scope of review for each issue on appeal* (e.g., whether the trial court abused its discretion, whether its findings of fact are clearly erroneous, etc.).
>
> . . .
>
> (4) [A] statement of the facts *relevant to the issues presented for review, with appropriate references to the record* . . . .
>
> (5) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, *and parts of the record relied on.*

V.I. R. App. P. 22(a)(3), (5) (1998) (emphasis added).

Pursuant to Rule 22(d) of the Virgin Islands Rules of

Appellate Procedure ("Rule 22(d)"),

> *[a]ll assertions of fact in briefs shall be supported by a specific reference to the record.* All references to portions of the record contained in the appendix shall be supported by a citation to the pages of the appendix at which those parts appear, followed by a parenthetical description of the document to which they referred, unless otherwise apparent from context. Intelligible abbreviations may be used. *If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the appendix or of the transcript at which the evidence was identified, offered, and received or rejected.*

V.I. R. App. P. 22(d) (emphasis added).

Additionally, Rule 24 of the Virgin Islands Rules of Appellate Procedure ("Rule 24") provides:

> Appellant shall prepare and file an appendix to the briefs which shall contain all materials designated by all parties and shall include: a table of contents with page references and a copy of the notice of appeal; the judgment, order, or decision being appealed; *a certified list of docket entries from the [Superior] Court; and relevant portions of a trial transcript, exhibit, or other parts of the record referred to in the briefs at such length as may be necessary to preserve context.* . . .

V.I.R. App. P. 24.

## **II. Analysis**

In place of a brief, Lawance has submitted a set of statements expressing why she disagrees with the Superior Court's

ruling.[3] Lawance's submission to the Court does not contain a statement of the issue presented for review, an appendix, statement of the standard or scope of review, a statement of facts relevant to the issue presented for review, or an argument. Lawance does not cite to authorities, statutes, or parts of the record on which she relies. She only attaches a transcript of the hearing held on November 15, 2005.[4]

Generally, a court must liberally construe a *pro se* litigants brief. *U.S. v. Street*, Civ. No. 08-4091, 2010 WL 827789, at *1 (3d Cir. 2010) ("Because [appellant] is *pro se*, we construe his briefs liberally."). However, even applying a liberal construction, the vague statements in Lawance's submission provide an insufficient basis for this Court to evaluate her allegations. *See, e.g. Melton v. City of Philadelphia*, Civ. No. 08-3052, 2009 WL 2606745, at *2 (3d Cir.

---

[3] She states that the Judge may have been biased towards Morris, that the Superior Court failed to consider Morris did not pay $1400.00 to his workers and Lawance paid this sum instead, that during mediation Morris had offered to repay half of the money he allegedly owed Lawance and the Superior Court failed to consider this evidence, and that the Superior Court failed to consider that Morris acknowledged he owed some amount to Lawance during the hearing.

[4] Morris has not submitted a brief in response. Lawance filed a notice of appeal in accordance with Rule 4(d) of the Virgin Islands Rules of Appellate Procedure. Morris was sent notice to his last known address, however, the mail was returned.

*Ginette v. Morris*
D.C. Civ. App. No. 2007-64
Order
Page 6

2009)(stating *pro se* litigant's vague statements in his briefs were insufficient to conclude the lower court abused its discretion).

Lawance failed to comply with the technical requirements of the applicable procedural rules, and such failure has rendered her appeal incapable of appellate review. *Cf. Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 407 (3d Cir. 1980) ("We now decide not to expend any more valuable judicial time performing the work of errant counsel . . . . We dismiss this appeal for failure to file an appendix that conforms to our rules."); *see Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404 (3rd Cir. 1980) (dismissing an appeal for failure to file appendix); *Aubrecht v. Pennsylvania State Police*, No. 09-2226, 2010 WL 3037820, at *2 (3rd Cir. 2010) (dismissing an appeal because appellant made no effort to support his allegations with legal authority); *Saja Cloth, Inc. v. Mongoose Junction II*, 32 V.I. 315, 317 (D.V.I. App. Div. 1995) (dismissing an appeal because the Court "simply cannot ignore appellant's blithe disregard for its reasonable pleading duties").

## III. CONCLUSION

For the foregoing reasons the Court will dismiss Lawance's appeal.